UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JARED DMITRY CHEEVER,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>THE STATE OF SOUTH DAKOTA,<br><br>　　　　　　　Defendant. | 4:22-CV-04144-KES<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915 SCREENING FOR DISMISSAL |

　　　　Plaintiff, Jared Dmitry Cheever, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Cheever moves for leave to proceed in forma pauperis and included a financial affidavit. Docket 2. Cheever also moves for appointment of counsel. Docket 3.

**I.　　Motion for Leave to Proceed in Forma Pauperis**

　　　　A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987) (citation omitted). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). After review of Cheever's

financial affidavit, the court finds that he has insufficient funds to pay the filing fee. *See* Docket 2. Thus, Cheever's motion for leave to proceed in forma pauperis (Docket 2) is granted.

## II.     1915 Screening

### A.     Factual Background

The facts alleged in Cheever's complaint are: that Brandon Police Department and Sioux Falls Police Department officers used excessive force when arresting and transporting him on July 6, 2022, and July 22, 2022. *See* Docket 1 at 6; Docket 1-1 at 9, 13-14. Cheever claims that Brandon Police Department officers Andrew D. Bakker and Kyle Zigan deceitfully employed interrogation tactics while transporting him to the Minnehaha County Jail after his arrest from the early evening of July 6, 2022, into the early morning of the next day. Docket 1 at 6; Docket 1-1 at 9. He claims that he was falsely imprisoned in an unsanitary, secluded cell until he was able to post bail. Docket 1 at 6.

Cheever alleges that he was also arrested on July 22, 2022, and that he was taken to the emergency room at Avera McKennan Hospital. *Id.* He alleges that he was again falsely imprisoned for more than twenty-two consecutive hours inside an unsanitary, secluded cell, until he was allowed to post bail and was then transferred to Avera Behavioral Health Hospital. *Id.* He also alleges that Sioux Falls Police Department officers John P. Wolloman and Elizabeth Q. Smorada "applied heavy pressure to [his] broken wrist" on July 22, 2022, during the arrest and transportation, causing "excessive emotional distress"

and "unnecessary, physical injuries" to his hand and wrist. *Id.*; Docket 1-1 at 9. Cheever states that the force used caused "hematological, soft-tissue, damage, dermatological, ecchymosis" and limited his range of motion. Docket 1 at 6. He states that his wrist was already immobilized in a splint before Wolloman and Smorada further injured it. *Id.* He states that he sustained injuries to the third through fifth set of metacarpal bones in his right hand that required further splinting. *Id.* He also states that this incident caused him to attempt suicide less than four days later, resulting in his hospitalization at Avera Behavioral Health Hospital for more than ninety-six hours. *Id.*

Cheever attaches medical records to his complaint that provide more information as to his injuries. *See* Docket 1-1 at 1-7. On July 7, 2022, Cheever told a medical provider that his wrist and hand were twisted when he was handcuffed. *Id.* at 2. The medical record indicates that his wrist and hand were not fractured but that he suffered ecchymosis, soft tissue swelling, and hematoma. *Id.* Cheever provides mental health records, but he attaches no medical records reflecting physical injury following the July 22, 2022, arrest. *See id.* at 18-24. He also attaches records of complaints that he filed with the South Dakota Division of Criminal Investigation, the Sioux Falls Police Department, and the Brandon Police Department regarding these incidents. *Id.* at 8-15.

Cheever claims that his Fourth, Fifth, and Sixth Amendment rights were violated, although he does not specify the ways in which these rights were violated other than to allege that the officers used excessive force. *See* Docket 1

at 6; Docket 1-1 at 15. He makes reference to "a series of torts" committed by the officers that he alleges injured him. *See* Docket 1 at 6. He also attaches several South Dakota statutes to his complaint that he believes the officers violated. *See* Docket 1-1 at 25-26. Cheever names the State of South Dakota as the only defendant in this lawsuit. *See* Docket 1 at 2. He seeks the "[a]ccountability of public officers involved." *Id.* at 3. He also seeks no more than $74,999 in damages for medical and mental suffering. *Id.*

  **B.** **Legal Background**

  The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted).

  A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663-64 (8th Cir. 1985) (citation omitted) (explaining that a district court does not err when

it dismisses a claim based on vague allegations or unsupported generalizations). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation and footnote omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550 U.S. at 553-63)).

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a), the court must then determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam); *see also Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[] to state a claim on which relief may be granted; or (iii) seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court will now assess Cheever's complaint under 28 U.S.C. § 1915.

### C. Legal Analysis

#### 1. Claims Against the State of South Dakota

Cheever brings claims against the State of South Dakota. Docket 1 at 2. The Supreme Court has explained that Congress, in passing 42 U.S.C. § 1983,

did not abrogate states' Eleventh Amendment immunity from suit in federal court. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). "Eleventh Amendment immunity extends to states and arms of the state . . . ." *Thomas v. St. Louis Bd. of Police Comm'rs*, 447 F.3d 1082, 1084 (8th Cir. 2006) (internal quotations omitted). Thus, Cheever's claims against the State of South Dakota are barred by the Eleventh Amendment and are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(iii).

### 2.    Claims Against Individual Officers

Cheever alleges that Bakker, Zigan, Wolloman, and Smorada[1] violated his Fourth, Fifth, and Sixth Amendment rights. *See* Docket 1 at 6. Construing his complaint liberally, Cheever brings claims for money damages[2] against Bakker, Zigan, Wolloman, and Smorada in their official capacities[3] for violation of his constitutional rights. *See id.* at 3, 6. These defendants were employees of the Brandon Police Department and the Sioux Falls Police Department at the time of the incidents in question. "A suit against a government officer in his

---

[1] Although not named in the caption or section III of the complaint which identifies all defendants, the body of Cheever's complaint includes allegations against Bakker, Zigan, Wolloman, and Smorada. *See* Docket 1 at 1-2, 6. Construing the complaint liberally in favor of Cheever, the complaint appears to allege claims against those officers. *See id.* at 6.

[2] This court construes Cheever's complaint as seeking money damages only, as his request for "[a]ccountability of public officers involved" is insufficiently specific to be construed as a request for injunctive relief. *See* Docket 1 at 3; Federal Rule of Civil Procedure 8(a)(3) (stating that a pleading must contain "a demand for the relief sought[.]").

[3] If a plaintiff does not specify the capacity in which he or she sues a defendant, the suit is treated as only including official capacity complaints. *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Thus, Cheever sues Bakker, Zigan, Wolloman, and Smorada in their official capacities only.

official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Cheever's official capacity claims against Bakker, Zigan, Wolloman, and Smorada are equivalent to claims against the City of Brandon and the City of Sioux Falls.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A municipal government may be sued only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right. *Id.*; *see also Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1987) (finding that "the [governmental] entity's official 'policy or custom' must have 'caused' the constitutional violation" in order for that entity to be liable under § 1983).

To establish governmental liability premised on an unofficial custom rather than an official policy, a plaintiff must allege facts to support a finding of "a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees" and "deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct[.]" *Brewington v. Keener*, 902 F.3d 796, 801 (8th Cir. 2018) (quoting *Corwin v. City of Independence*, 829 F.3d 695, 700 (8th Cir. 2016)). A § 1983 complaint does not need to "specifically plead the existence of an unconstitutional policy or custom to

7

survive a motion to dismiss." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (citing *Doe ex rel. Doe v. Sch. Dist. of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003)). But the complaint must still include some allegation, reference, or language that creates an inference that the conduct resulted from an unconstitutional policy or custom. *Id.*; *see also Doe*, 340 F.3d at 614 ("At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom.").

Here, Cheever makes no allegations regarding the policies or customs of the Brandon Police Department or Sioux Falls Police Department. *See* Docket 1 at 6. Cheever alleges that Bakker and Zigan interrogated him and falsely imprisoned him on July 6 and 7 and that Wolloman and Smorada falsely imprisoned him and injured his wrist[4] through their use of excessive force on July 22. *Id.* Cheever makes no allegations regarding a "continuing, widespread, persistent pattern" as required under *Brewington*. *See id.*; 902 F.3d at 801 (quoting *Corwin*, 829 F.3d at 700). As to an official policy claim, Cheever makes no allegations that the incidents in question stemmed from an official Brandon Police Department or Sioux Falls Police Department policy. *See* Docket 1 at 6; *Clay*, 815 F.2d at 1170. Thus, his claims against Bakker, Zigan, Wolloman,

---

[4] Cheever writes in his complaint that Wolloman and Smorada injured his already-broken wrist. Docket 1 at 6. Although he does not allege in his complaint that Bakker or Zigan used excessive force, he alleges in an attached medical record from July 7, 2022, that he was injured when he was handcuffed and his hand was twisted. Docket 1-1 at 2. The complaint that he filed with the Brandon Police Department alleges that Bakker and Zigan broke and injured his wrist on July 6 and 7. *Id.* at 13.

and Smorada in their official capacities for money damages are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

### 3. State-Law Tort Claims

In his complaint, Cheever alleges that Bakker, Zigan, Wolloman, and Smorada committed "a series of torts" against him. *See* Docket 1 at 6. This court construes Cheever as bringing state-law tort claims against Bakker, Zigan, Wolloman, and Smorada. *See id.* Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over all other claims that "form part of the same case or controversy" as the civil action over which this court has original jurisdiction. But the court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). Thus, because all of Cheever's federal-law claims have been dismissed, this court declines to exercise supplemental jurisdiction over his state-law claims. Cheever's state-law tort claims against Bakker, Zigan, Wolloman, and Smorada are dismissed without prejudice.

Thus, it is ORDERED:

1. That Cheever's motion to proceed in forma pauperis (Docket 2) is granted.

2. That Cheever's complaint (Docket 1) is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1367(c)(3).

3. That Cheever's motion for appointment of counsel (Docket 3) is denied as moot.

Dated April 4, 2023.

                        BY THE COURT:

                        /s/ *Karen E. Schreier*
                        KAREN E. SCHREIER
                        UNITED STATES DISTRICT JUDGE